```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
UNITED STATES OF AMERICA      :      CRIMINAL ACTION
                              :      No. 91-00570-09
                              :
     v.                       :
                              :
                              :
REGINALD REAVES               :
                              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              June 27, 2014

**I) INTRODUCTION**

Currently pending is Defendant's Motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 505 and 599 to the United States Sentencing Guidelines (the "§ 3582(c)(2) Motion"). Defendant's theory of relief is that Amendments 505 and 599 are both retroactively applicable to Defendant's case and that, taken together, these two amendments would reduce Defendant's guideline sentence from life to a range of 360 months – life. Defendant then argues that, pursuant to Dillon v. United States, 560 U.S. 817 (2010) and United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(B) (2013), the Court should reduce his sentence to the low end of the new suggested guideline range, or 360 months.

The Government has filed a response in opposition to the § 3582(c)(2) Motion, arguing that Defendant is not eligible for relief because Amendment 599 is inapplicable to Defendant's case. The Government apparently concedes that Amendment 505 applies to Defendant and would reduce Defendant's base offense level from 40 to 38. Defendant is nevertheless ineligible for § 3582(c)(2) relief, the Government asserts, because Amendment 505, on its own, is not sufficient to reduce Defendant's guideline sentence from life to a range of 360 months – life.

**II)     BACKGROUND & PROCEDURAL HISTORY**

This case centered on the actions of the "Junior Black Mafia," or "JBM," a drug trafficking organization allegedly active from approximately 1985 to 1991, in the Eastern District of Pennsylvania and elsewhere. Indict. ¶¶ 1-2, ECF No. 1. JBM members conspired to engage in the sale and distribution of cocaine, crack cocaine, and heroin. Indict. ¶ 3. At various times during this conspiracy, co-conspirators used violence and threats of violence, including murder and attempted murder, to maintain and expand control of the drug trade and maintain internal discipline. Indict. ¶ 4. Defendant was a JBM "squad leader" responsible for supervising other JBM members in the sale and distribution of drugs within a specified geographic area. Indict. ¶ 7.

On October 2, 1991, Defendant was charged, along with 25 co-defendants, in a 32-count indictment for conspiracy to distribute cocaine, substantive drug offenses, and firearms offenses. Defendant Reaves was personally charged with one count of conspiracy (Count 1) and one count of possession of cocaine with intent to distribute (Count 20). On July 10, 1992, following a jury trial before the Honorable Marvin Katz, Defendant was convicted on both counts.

In anticipation of sentencing, Probation calculated Defendant's base offense level as 40, based on allegations that Defendant had been involved in the JBM drug trafficking conspiracy from its beginnings and because the organization distributed an estimated 1,000+ kilograms of cocaine. See Probation Office Pre-Sentence Investigation Report ("PSR") ¶¶ 5, 41. Additionally, Probation recommended a two level increase because Defendant possessed a gun during the course of his drug trafficking activities, and a three level increase because of Defendant's "managerial role" in the conspiracy (based on his status as a "squad leader"). PSR ¶¶ 42-43. With these offense level increases, Probation calculated Defendant's total offense level to be 45. PSR ¶ 48. With a criminal history category of III, Defendant's recommended guideline sentence was thus life imprisonment. PSR ¶ 62. At the sentencing hearing, the Court

adopted Probation's proposed guideline calculation and sentenced Defendant to life imprisonment.

Defendant appealed his conviction and sentence, but they were affirmed by the Third Circuit Court of Appeals. Defendant subsequently filed several motions for post-conviction relief. All motions for post-conviction relief were denied by the District Court. See Copy of Original Paper Docket prior to May 1, 2008 at 12, 14, ECF No. 256.

Defendant filed the instant § 3582(c)(2) motion on December 9, 2013 (ECF No. 471). The Government filed a response in opposition on December 24, 2013 (ECF No. 476). On December 27, 2013, Defendant filed a reply to the Government's response in opposition (ECF No. 477), further advocating the applicability of Amendment 599 to Defendant's case. The matter is now ripe for disposition.

**III)　DISCUSSION**

The Supreme Court, in Dillon, held that a district court may only award a motion for reduction of sentence under § 3582(c)(2) where consistent with the directives of U.S.S.G. § 1B1.10. See Dillon, 560 U.S. at 826. Section 1B1.10 specifies that a court may not reduce a defendant's sentence based on a retroactive amendment to the U.S.S.G. where the amendment "does not have the effect of lowering the defendant's applicable guideline range." See U.S.S.G. § 1B1.10(a)(2)(B).

Defendant's motion for reduction of sentence involves the applicability of two unrelated amendments. Defendant's theory of relief requires that both amendments apply, as neither would, on its own, change Defendant's guideline range, as required to merit § 3582(c)(2) relief. The Court will address the applicability of each amendment separately.

**A) Amendment 505**

On November 1, 1994, the United States Sentencing Commission adopted Amendment 505, which modified the base offense levels for controlled substances cases under the Drug Quantity Table of U.S.S.G. § 2D1.1(c). See Federal Sentencing Guidelines Manual, Appx. C, Amendment 505.  The amendment deleted base offense levels 40 and 42, replacing them with level 38 as the maximum level for such offenses. The Sentencing Commission, by way of explanation, reasoned that offense levels above 38 were "not required to ensure adequate punishment," particularly as additional enhancements would also apply to leaders of such offenses (under U.S.S.G. § 3B1.1) and to those who possessed dangerous weapons (under U.S.S.G. § 2D1.1(b)(1)). Id.  This amendment was made retroactively applicable under Guidelines Amendment 536, adopted on November 1, 1995. See Federal Sentencing Guidelines Manual, Appx. C, Amendment 536.

Defendant asserts and the Government concedes that Amendment 505 applies to Defendant's case, reducing Defendant's base offense level from 40 to 38 and his total offense level from 45 to 43.  See § 3582(c)(2) Mot. 2; Resp. Opp'n 4-5. Even after this reduction, Defendant's guideline sentence (based on a total offense level 43 and a criminal history category III) would still be life in prison.

For this reason, § 3582(c)(2) relief is not available based on Amendment 505 alone. The Court must therefore consider whether Amendment 599 also applies retroactively to this case, and if so, whether this amendment's retroactive effect would further reduce Defendant's total offense level and alter his guideline sentence.

### B) Amendment 599

Recognizing that the retroactive effect of Amendment 505 alone is insufficient to trigger § 3582(c)(2) relief, Defendant argues that he is entitled to a further reduction of his total offense level pursuant to Amendment 599. Defendant asserts that Amendment 599 precludes the application of a two level enhancement based on Defendant's possession of a firearm during the commission of his offense of conviction. Under this theory, Defendant's total offense level would decrease from 43 to 41 (taking into account also Amendment 505), and his guideline

sentence would decrease from life to a range of 360 months to life. The dispositive issue in this case is thus whether Amendment 599 also applies to Defendant.

**i) Effect and Purpose of Amendment 599**

Amendment 599,[1] adopted by the Sentencing Commission on November 1, 2000, alters U.S.S.G. § 2K2.4 cmt. n.2.[2] This guideline provision addresses sentencing for violations of 18 U.S.C. § 924(c) (defining criminal offenses and statutory penalties for possessing, brandishing, and discharging various firearms in relation to or during a crime of violence or a drug trafficking crime). Section 924 (c) offenses carry a statutory mandatory minimum sentence, which must be imposed consecutively to all other sentences imposed for underlying drug or violent offenses. See 18 U.S.C. § 924(c)(1)(D).

Amendment 599 modifies U.S.S.G. § 2K2.4 cmt. n.2 to specify that "[a] sentence under this guideline accounts for any . . . weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." Federal Sentencing Guidelines Manual, Appx. C, Amendment 599. The amended application note provides

---

[1] Amendment 599 has retroactive effect pursuant to U.S.S.G. § 1B1.10, which specified that a defendant may retroactively rely on the amendment to seek relief under 18 U.S.C. § 3582(c)(2).

[2] This statement was subsequently moved to U.S.S.G. § 2K2.4 cmt. n. 4.

the following direction to courts: "Do not apply any weapon enhancement in the guideline for the underlying offense" where the defendant was also convicted of a § 924(c) offense." Id.

The Sentencing Commission explained that the purpose of this amendment was "to (1) to avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancements with general guideline principles." Id.

The Third Circuit has interpreted Amendment 599's alteration of U.S.S.G. § 2K2.4 cmt. n.2 to mean that where a court sentences a criminal defendant for both a § 924(c) offense and an underlying drug trafficking offense, the court may not also impose an enhancement for possession of a firearm to the underlying drug trafficking offense. See United States v. Knobloch, 131 F.3d 366, 373 (3d Cir. 1997).

**ii) Defendant's Theory for Applicability of Amendment 599**

Given that Defendant acknowledges that he was not convicted under § 924(c), Amendment 599 would appear to provide no relief in Defendant's case. Defendant, however, characterizes Amendment 599 as a more general policy statement against "duplicate punishments for possession of a firearm" even where a § 924(c) offense was not charged. See § 3582(c)(2) Mot. 3; Reply Further Supp. § 3582(c)(2) Mot. 2, ECF No. 477. Under this theory, Defendant argues, even though he was not convicted for

8

possessing a weapon in violation of 18 U.S.C. § 924(c), he should still receive relief, as he was "punished twice" for his possession of a firearm in the instant offense. See § 3582(c)(2) Mot. 2.[3]

Defendant claims he was first punished for possession of a firearm by the sentencing court's imposition of a two offense level enhancement, under U.S.S.G. § 2D1.1(b)(1). As evidence of a second instance of punishment for possession of a firearm, Defendant points to paragraph 54 of his PSR. In this paragraph, the probation officer noted that Defendant was convicted in 1990 for possession of firearms without a license, but that the incident was not included in his criminal history calculation

---

[3] In support of Amendment 599's applicability in the instant case, Defendant cites to United States v. Fields, 302 F. App'x 77 (3d Cir. 2008), involving Bernard Fields, one of Defendants' co-defendants in the 1991 JBM drug trafficking conspiracy. Fields was convicted on counts of conspiracy, drug possession with intent to distribute, and use of a firearm during a drug trafficking crime in violation of § 924(c)(1). At sentencing, Fields received a two-level enhancement for possession of a firearm in relation to the drug trafficking crimes, as well as a concurrent mandatory sentence for the § 924(c)(1) offense.

In 2007, Fields filed a § 3582(c)(2) motion, based on Amendments 505 and 599, which the Court denied, under the theory that the weapon involved in the two-level enhancement was different than the firearm which was the basis of the § 924(c) conviction. Fields appealed the denial of his § 3582(c)(2) motion. On appeal, however, the Government withdrew its objection to the motion, conceding that "where a § 924(c) sentence applies, no § 2D1.1(b)(1) [firearm] enhancement should be applied in the case at all." See Government's Statement at Resentencing Under 18 U.S.C. § 3582(c)(2), in the case of United States v. Fields, Crim. No. 91-570-05, at 8-9, ECF No. 372. The Third Circuit, on these grounds, overruled this Court's denial of the § 3582(c)(2) motion and remanded the case for resentencing. See Fields, 302 F. App'x *79 (citing Knoblach, 131 F. 3d at 373).

The Fields decision does not support Defendant's alternative theory for relief under Amendment 599. Fields, unlike Defendant, was convicted of a § 924(c) offense, and was thus clearly eligible for Amendment 599 relief under the prevailing Third Circuit interpretation.

because it was "considered part of the instant federal offense." PSR ¶ 54. Defendant does not elaborate further as to why this paragraph in the PSR illustrates a separate instance of punishment for possession of a weapon.

Defendant's argument fails both on both a factual and a legal level.

Factually, Defendant provides no evidence that his sentence includes duplicative punishment for possession of a firearm. Defendant claims that paragraph 54 of the PSR illustrates a second instance of punishment for possession of a weapon. To the contrary, however, paragraph 54 indicates that the 1990 weapon possession incident was <u>not factored</u> into Defendant's criminal history category, because it had already been incorporated into his instant offense. The only other place where the firearm possession is referenced is in the PSR's application of the two-level enhancement for possession of a firearm.

Legally, Defendant's theory fails as well. Courts within the Third Circuit and elsewhere have only interpreted Amendment 599 to apply in cases where a § 924(c) offense was charged. Defendant's proposed interpretation of Amendment 599, to apply in cases where no § 924(c) offense was charged, would substantially broaden the amendment's reach and is unsupported by case law. Accordingly, the Court finds that Amendment 599 is legally inapplicable to Defendant's case.

**IV)  CONCLUSION**

Because Amendment 599 does not apply to Defendant's case, and Amendment 505, on its own, does not disturb Defendant's guideline sentencing range, the Court therefore finds that Defendant is ineligible for § 3582(c)(2) relief.

Accordingly, Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) will be denied.

An appropriate order follows.